IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAIUTE-SHOSHONE INDIANS OF THE BISHOP COMMUNITY OF THE BISHOP COLONY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-cv-00897L<br>Judge Mary Ellen Coster Williams |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR EXTENSION OF TIME**
**FOR DEFENDANT TO FILE ANSWER OR**
**OTHERWISE RESPOND TO COMPLAINT,**
**AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court issue an extension of time, to and including July 27, 2007, for Defendant to file its Answer or otherwise respond to the Complaint. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 26, 2006. Plaintiff's allegations relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff. Currently, Defendant is obligated to file its Answer or otherwise respond to the Complaint by February 26, 2007.

2. In January and February, 2007, Plaintiff's counsel, Danielle Her Many Horses and T.J. McReynolds, conferred with Defendant's counsel, Anthony P. Hoang, and, among other things, they discussed and agreed that they would (a) explore the possibility of resolving Plaintiff's issues and claims through settlement discussions; (b) undertake several activities, including informal requests and productions of relevant or potentially relevant documents and data, in furtherance of

the settlement discussions; and (c) seek jointly an extension of time, to and including July 27, 2007, for Defendant to file its Answer or otherwise respond to the Complaint. Counsel for the parties agreed that, through the jointly requested extension of time, they would confer, at a minimum, about developing and implementing a joint, cooperative process for obtaining relevant or potentially relevant documents and data and for exploring the possibility of settling this case.

3. Additionally, counsel for the parties discussed the fact that, by counsel's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1/] in the United States District Court for the District of Columbia,[2/] and in the United States District Courts in Oklahoma.[3/] See Exhibit (Exh.) 1. Given the number of cases, counsel for the parties agreed that it would be sensible for the Tribes in litigation (including Plaintiff) and Defendant to work together to formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible.

4. To that end, Defendant's counsel has been and continues to be working diligently

---

[1/] There are currently 57 Tribal trust cases in the Court of Federal Claims. See Exhibit (Exh.) 1. These 57 cases include not only this case but also four others filed by Plaintiff's counsel on behalf of other Tribes: Pueblo of Santa Ana v. United States, No. 06-cv-00892-LAS; San Manuel Band of Serrano Missions Indians v. United States, No. 06-cv-00893-CCM; Soboba Band of Luiseño Indians v. United States, No. 06-cv-00894-NBF; and Yomba Shoshone Tribe v. United States, No. 06-cv-00896-EJD.

[2/] There are currently 37 Tribal trust cases in the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff is not one of those Tribes.

[3/] There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff is not one of those Tribes.

with attorneys from the Solicitor's Office for the United States Department of the Interior and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff herein) and with counsel for the Tribes in the cases (including counsel for Plaintiff herein), to determine the feasibility of developing a joint, cooperative approach for resolving the Tribes' issues and claims as an alternative to litigation.

5. Given the numbers of Tribal trust cases, Tribes, and Tribes' attorneys, counsel for the parties herein agreed that it would take some time and effort to convene (let alone, conclude) a discussion among the parties in the cases, and that, therefore, it would be proper and appropriate to seek jointly an extension of time in this case, to and including July 27, 2007, so as to permit an adequate opportunity for such a discussion. Even assuming that a joint, cooperative process with the other Tribes in litigation does not come to fruition, the parties in this case would require that amount of time, at a minimum, to confer and determine whether and how to develop a process for obtaining relevant or potentially relevant documents and for exploring settlement of Plaintiff's issues and claims. Also, counsel agreed that, on or before July 27, 2007, they may be able to determine whether and how to proceed with this case (e.g., informal settlement discussions, alternative dispute resolution (ADR), litigation, etc.) and to so inform the Court.

6. Based on the foregoing, the parties hereby jointly and respectfully request that the Court extend the current deadline for Defendant to file its Answer or otherwise respond to the Complaint, from February 26, 2007, to July 27, 2007.

7. On the one hand, the granting of this joint motion would serve the public interest by

promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and with the Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other Tribes in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 20th day of February, 2007,


*s/ Martin J. LaLonde*
*for Thomas E. Luebben*
THOMAS E. LUEBBEN
Luebben, Johnson & Barnhouse, LLP
211 12th Street, N.W.
Albuquerque, NM 87102
Tel: (505) 842-6123
Fax: (505) 842-6124

Attorney of Record for Plaintiff

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE (IL Bar # 6218249)
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

ELISABETH C. BRANDON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227