IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PAIUTE SHOSHONE INDIANS OF THE BISHOP COMMUNITY OF THE BISHOP COLONY, CALIFORNIA | |
| Plaintiff, | |
| v. | Case No. 06-cv-00897L<br>Judge Williams |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND PROPOSED ORDER**

On November 26, 2007, the parties filed a joint motion, in which they requested that the temporary stay of litigation be extended by ninety (90) days, or to and until February 25, 2008, during which time the stay of Defendant's obligation to file its Answer or otherwise respond to the Complaint and of the parties' mutual obligations to prepare and submit a joint preliminary status report ("JPSR") and to plan and move forward with the litigation of the case, including formal discovery, would be continued until after the expiration of the stay. The parties made their request for relief so that they could continue their discussions and explore settlement and continue their informal document and data production efforts. On November 28, 2007, the Court issued an Order, granting the joint request, and extended the stay of the proceedings until February 25, 2008.

The parties believe that, since November 26, 2007, they have made significant progress towards a final resolution of the issues and claims presented by Plaintiff in this case. In particular, the United States Department of the Interior ("Interior"), specifically, the Office of Historical Trust Accounting ("OHTA"), has worked with its accounting consultants, conducted

supplemental analyses based on the data, documentation, and results of the Tribal trust fund reconciliation project for Plaintiff, reviewed the outcome of the additional calculations, and formulated a settlement proposal which was communicated to Plaintiff on January 8, 2008.

Since that time, Plaintiff has requested additional informal discovery from Defendant and the Plaintiff has received OST statements for the accounts at issue covering the period from April 1, 1995, through March 31, 2007. The only discovery that remains outstanding is the gap period from 1992 through 1995. Plaintiff expects to receive the data for the gap period by the first week of March 2008. Plaintiff provided Defendant's settlement proposal and the data gained through informal discovery to its accountant for an estimate of the cost to analyze the proposal. The cost of analysis to the Plaintiff is still being negotiated.

While awaiting the Plaintiff's analysis of the settlement proposal and actively engaging in informal discovery, the Plaintiff additionally requested a proposed settlement agreement from the Defendant on January 23, 2008. The Plaintiff requested the proposed settlement agreement so that the material terms of the settlement, in addition to the monetary amount, could be reviewed and negotiated while informal discovery and an analysis of the monetary settlement proposal is conducted. Defendant's counsel represented that he would begin work on a proposed settlement agreement which the Defendant will transmit to Plaintiff in the next 30 days.

At this juncture, Plaintiff and Defendant are unable to determine the exact amount of time necessary for the parties to complete their settlement discussions successfully. Assuming that the parties are able to do so expeditiously, requisite settlement authorizations from the Tribe and the United States will require an estimated 60 to 90 days.

In view of the foregoing progress in this case since the parties' last JSR, the parties

jointly and respectfully request that the Court extend the temporary stay of litigation, including the Defendant's obligation to file its Answer or otherwise respond to the Complaint and the parties' obligations to submit a JPSR and to initiate formal discovery by another 90 days, or to and including May 26, 2008, so that the parties can continue and complete their settlement efforts. Further, they request an opportunity to submit another joint status report on or before May 26th to advise the Court of the status at that time and of any proposals as to further proceedings.

Should the Court not grant the relief herein requested, the parties jointly and respectfully request that the Court extend the deadline for Defendant to file its Answer in this case, to and including March 18, 2008.

The granting of this joint motion (including the request for alternative relief) does not cause prejudice or injury to the rights and interests of the parties in this case. Rather, it promotes the goals of judicial efficiency and conservation of the parties' limited resources. Further, it enables the parties to focus their efforts and energies on settlement and whether and how those efforts can succeed.

Dated this 26th day of February, 2008.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Thomas E. Luebben, by Daniel G. Steele*
*pursuant to written authorization*
THOMAS E. LUEBBEN
Luebben, Johnson & Barnhouse, LLP
7424 4th Street, N.W.
Los Ranchos de Albuquerque, NM 8710
Tel: (505) 842-6123
Fax: (505) 842-6124

*s/ Daniel G. Steele*
DANIEL G. STEELE
United States Department of Justice
Environment and Natural Resources Div.
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0484
Fax: (202) 353-2021

Attorney of Record for Plaintiff

OF COUNSEL:

SAMUEL HOUGH
Luebben, Johnson & Barnhouse, LLP
7424 4th Street, N.W.
Los Ranchos de Albuquerque, NM 8710
Tel: (505) 842-6123
Fax: (505) 842-6124

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

MICHAEL BIANCO
United States Department of the
Interior, Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227